3UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MAGIC HAT IP, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 5:13-CV-136-DCR/REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WEST SIXTH BREWING COMPANY, LLC, | ) ) | |
| | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

Counsel for the parties jointly contacted Chambers and requested a settlement conference. After consulting with District Judge Reeves, the Court **SCHEDULES** a settlement conference for **June 5, 2013, at 10:30 a.m.** in Lexington. The Court refers the parties to the following instructions governing the settlement conference.

### Settlement Conference Instructions

On **May 31, 2013, by 12:00 p.m. (noon)**, each party shall email an ex parte conference statement to wier_chambers@kyed.uscourts.gov. The statement may be in DOC, WPD, TXT, or PDF format. Each statement is to be furnished only to the Court and not to any other party. The statements shall not be filed with the Clerk of the Court. In its respective statement, each party shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall make an appraisal of the issue of liability and damages. Each statement shall contain an assessment of the economic cost of proceeding to trial.

Counsel who noticed a deposition or requested interrogatories, requests for admissions,

or production of documents significant to negotiations **shall include copies of the relevant answers (or a summary of the relevant portion thereof), and copies, excerpts, or a summary of relevant depositions or other documents, along with the settlement conference statement.** Providing analysis of the legal and factual issues important to the claims or defenses at issue assists the Court in conducting a productive mediation. The Court encourages attention to the details of law and fact that would foment an attitude of compromise.

Absent written court permission to the contrary, trial counsel must attend the settlement conference, and all named parties must attend. A corporate party must attend via a representative with adequate authority to bind that party based on counsel's reasonable and good faith assessment of the value of the relevant claim, the risks, and the potential costs and foreseeable results of litigation. A corporate party's representative(s) shall also have authority to make reasonably foreseeable noneconomic decisions concerning settlement. If insurance applies to a defense liability, a carrier representative, with adequate authority as stated, also must attend. The Court requires presence of the parties (and any party representative and carrier representative) through the **entirety** of any mediation, absent leave. At the commencement of the settlement conference, counsel shall be prepared to make a brief **opening statement,** not to exceed **ten (10) minutes** in duration. This statement should emphasize reasons the case should settle, rather than simply rehashing the facts of the case.

The undersigned typically mediates through a process that includes both joint and separate sessions with the involved parties. The Court assumes that no party objects to the ex parte elements of the process (to include receipt of an ex parte case statement, discussions with counsel and parties in separate session, and any pre- and/or post-mediation communications

necessary, in the undersigned's view, to facilitate the settlement process). Should any party have an objection, counsel shall immediately file a notice indicating that objection.

This the 28th day of May, 2013.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge